**Richard L. LEVY, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

No. 81–1224–Civ–JLK.

United States District Court, S. D. Florida.

Jan. 27, 1982.

**486**

Charles L. Ruffner, Miami, Fla., for plaintiff.

James R. Hall, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

### ORDER RULING ON MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE

JAMES LAWRENCE KING, District Judge.

This cause came on before the Court upon defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56. Said motion was supported by two affidavits and a fairly extensive memorandum.

### I. THE GRAVAMEN OF PLAINTIFF'S COMPLAINT

Plaintiff brought suit under the Freedom of Information Act seeking the disclosure of certain records pertaining to interviews of plaintiff by agents of the Internal Revenue Service (IRS). The interviews concerned the audit of another taxpayer for whom plaintiff had provided professional services in his capacity as a Certified Public Accountant.

The documents sought in part consist of memoranda apparently prepared by agents of defendant subsequent to interviews with plaintiff on June 20, 1980, July 10, 1980, July 22, 1980, December 12, 1980 and January 29, 1981. Plaintiff also seeks the disclosure of an unsigned statement allegedly written by plaintiff on a Department of the Treasury-Internal Revenue Service form labeled "Affidavit."

In conjunction with its motion for summary judgment, defendant submitted these documents to the Court for an *in camera* inspection. The documents were carefully reviewed by the Court.

### II. THE MOTION FOR SUMMARY JUDGMENT

Defendant's motion is based on the theory that the documents in question are exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A). This subsection allows an agency to refuse to disclose:

(I)nvestigatory records compiled for law enforcement purposes, ... but only to the extent that the production of such records or information would ... interfere with enforcement proceedings...."

5 U.S.C. § 552b.

The defendant also argues that the documents do not come within self-imposed IRS regulations which require the IRS to disclose affidavits and transcripts of question

and answer statements, Section 9353 of the *Internal Revenue Service Manual* and Section 246.5(3) of the *Special Agent's Handbook*. Furthermore, the IRS Southeast Regional Commissioner has asserted that even if the Court determines that the documents fall within the IRS disclosure provisions, the Commissioner, pursuant to the authority granted him under these provisions, has decided that it is necessary to temporarily withhold a copy of the documents.

Plaintiff opposes the motion, claiming that the documents must be disclosed under the Freedom of Information Act, and that the statutory exception to disclosure does not apply. Plaintiff further contends that in any event the documents must be disclosed pursuant to the self-imposed IRS disclosure provisions.

## III. BRIEF PROCEDURAL HISTORY OF CASE

Plaintiff brought suit on June 5, 1981. Prior to that time, plaintiff had written to the IRS requesting the disclosure of the document in question. He received a reply from C. L. Laney, Disclosure Officer for IRS, who asserted that the documents were within the exception to the Freedom of Information Act. On October 27, 1981, the Court entered an Order stating that the action would be dismissed for lack of prosecution on November 18, 1981 unless an affidavit showing good cause was filed by plaintiff prior to November 18th. Plaintiff's counsel filed an affidavit on October 29, 1981, and the Court subsequently entered an Order on November 6, 1981 declaring that the case would not be dismissed. The Court's Order also required defendant to comply with the guidelines for disclosure as set forth in *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), by December 15, 1981. Defendant apparently did not disclose any of the documents, and simply moved for summary judgment on December 17, 1981.

## IV. THE ISSUES AT BAR

A. *The Freedom of Information Act Exception*

■ The Freedom of Information Act provides that all documents are available to the public unless subject to a specific exemption. *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C.Cir.1973). Generally, the exemptions from disclosure must be narrowly construed. *Id.* The Supreme Court has cautioned, however, that the Freedom of Information Act was intended to provide disclosure to the public, and not to the self-interested individual who would abuse the right to disclosure. *See generally Renegotiation Board v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974).

■ A two-step inquiry must be made in determining whether the documents fall within the exception of § 552(b)(7)(A): whether the material was gathered for law enforcement purposes; and whether the disclosure of the documents would interfere with enforcement proceedings. In the instant case, the subject matter of the documents deals almost exclusively with the tax matters of the third-party taxpayer and the plaintiff's participation in the preparation of the taxpayer's taxes. Mr. William R. Bonelli, Jr., Special Agent with the Criminal Investigation Division of the Jacksonville District of the IRS, states in an affidavit that the taxpayer is the subject of an investigation. The documents themselves further indicate that the third-party taxpayer is the subject of an investigation. The Court therefore concludes that the substance of the memoranda and the unsigned statement, in conjunction with the statement of Mr. Bonelli, indicate that the information was gathered for law enforcement purposes.

With respect to the second stage of the inquiry, the Court must look to the facts of the case to determine whether disclosure would interfere with enforcement proceedings. *See Title Guarantee Co. v. N. L. R. B.*, 534 F.2d 484 (2d Cir. 1976).

One Court has held that interference may include:

Fears of disclosure of (1) evidence, (2) witnesses, (3) prospective testimony, (4) the reliance placed by the government

upon the evidence, (5) the transactions being investigated, (6) the direction of the investigation, (7) government strategy, (8) confidential informants, (9) the scope and limits of the government's investigation, (10) prospective new defendants, (11) materials protected by the Jencks Act, (12) attorney work product, (13) the methods of surveillance, (14) subjects of surveillance.

*Kanter v. Internal Revenue Service*, 478 F.Supp. 552, 555 (N.D.Ill.1979).

In an action such as this, the temptation of using the information contained in the documents to assist in a defense against an enforcement proceeding may be considerable—the information may yield insight into the opponent's case or allow a witness or adversary to bolster his own. In the present action, the Court's review of the documents leads the Court to conclude that disclosure of the documents may in some way interfere with the investigation against the third-party taxpayer.

In sum, the Court finds that the documents fall within the delineated statutory exception to disclosure under Freedom of Information Act insofar as the documents were compiled for law enforcement purposes and their disclosure would interfere with enforcement proceedings. 5 U.S.C. § 552(b)(7)(A).

**B.** *The Self-Imposed IRS Requirement*

■ Even though the documents sought fall within the Freedom of Information Act exception, the documents are still discoverable if they come within a self-imposed IRS disclosure provision. Section 9353 of the *Internal Revenue Service Manual* and Section 246.5(3) of the *Special Agents Handbook* both state:

> Upon request, a copy of an affidavit or transcript of a question and answer statement will be furnished a witness promptly, except in circumstances deemed by the Regional Commissioner to necessitate temporarily withholding a copy.

The *Special Agents Handbook* contains definitions of an affidavit and a question and answer statement. These definitions may be accorded great weight in determining whether the documents in the instant case fall into these categories.

An Affidavit is:

> a written or printed declaration or statement of facts made voluntarily, and confirmed by the oath or affirmation of the party making it, before an officer having authority to administer such oath....

§ 246.52, *Special Agents Handbook.*

■ Here, the unfinished statement written in long-hand is unsigned. It has been acknowledged by Mr. Bonelli, however, that the statement was written by plaintiff. Moreover, the statement was made on a form which clearly declares that it is an affidavit, and the form contains the initials "RLL" on the bottom right-hand corner of the first four pages of the five page document. These initials are those of the plaintiff. Given these considerations, even though the document lacks a formal signature, there are sufficient assurances of authenticity to allow it to be considered an affidavit for the purposes of the IRS requirement.[1] Therefore, the Court rules that this document is disclosable under the self-imposed IRS requirements.

The *Special Agents Handbook* further provides that a transcript of a question and answer statement is a:

> complete transcript of the questions, answers, and statements made by each participant at an interview. It may be prepared from the recorder's notes or from a mechanical recording device.

§ 246.541, Special Agents Handbook.

A "memorandum of interview," on the other hand is described as:

> "an informal note or instrument embodying something that the person desires to fix in memory or by aid of written rec-

---

1. Defendant relies on a statutory provision bearing on unsworn declarations made under the penalty of perjury, 28 U.S.C. § 1746. The Court finds that this provision is not dispositive of the issue at hand.

ord. It is a record of what occurred at that interview . . . ."

§ 246.55, *Special Agents Handbook.*

■ The five memoranda in question comfortably fit the definition of "memorandum of interviews", not that of question and answer statements. Hence, these memoranda are not subject to disclosure within the intent of the self-imposed IRS requirement.

### C. *The Commissioner's Decision to Withhold the Documents*

The Court now considers what weight should be accorded to the decision by the Regional Commissioner of the Southwest Region, Mr. Harold A. McGuffin, to temporarily withhold copies of the documents should they be deemed disclosable. The Court has found that the unsigned statement by plaintiff is disclosable under the self-imposed IRS requirement. Mr. McGuffin, in an affidavit submitted in support of defendant's motion for summary judgment, asserted that he has determined, pursuant to the authority granted in the IRS provisions, that present circumstances necessitate the withholding of the documents temporarily. The Court, *in reviewing this decision*, is restricted to determining whether the decision was within statutory authority, supported by substantial evidence, and subject to fair procedures. Based on the record, the Court can not find that the Commissioner abused his discretion. Rather, the record supports a finding that disclosure of the documents could interfere with an enforcement proceeding of a tax-payer. Therefore, the Court upholds Mr. McGuffin's decision.[2]

Mr. McGuffin stated that the disclosable documents will be released upon the final disposition of the investigation into the potential tax liability of the taxpayer. The Court, however, notes that the IRS requirement provides that the documents shall only be held temporarily. An investigation of a tax-payer such as this may last for many months. The Court does not believe a provision allowing the temporary withholding of information permits the Commissioner in all fairness to refuse disclosure for such a potentially extensive period of time. If necessary, then, defendant shall be required to show cause in 10 weeks time from the date of this Order why the disclosure of the documents should still be withheld.

The Court, for the above-stated reasons, does:

ORDER and ADJUDGE that defendant's motion for summary judgment is granted in part and denied in part, and that the case is hereby dismissed. The Court finds that the documents sought fall within the Freedom of Information Act exception, and that the unsigned writing may be temporarily withheld pursuant to the Regional Commissioner's decision. The Court retains jurisdiction to consider the defendant's submission, if any, showing cause in 10 weeks time, and to ensure compliance with this Order. The documents reviewed by the Court *in camera* shall be returned to the defendant forthwith.

DONE and ORDERED in chambers at the United States Courthouse, Miami, Dade County, Florida, this 27th day of January, 1982.

---

**2.** For purposes of future judicial review, however, the agency should provide written reasons for a decision to withhold documents. The seminal case of *SEC v. Chenery Corp. (I)*, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943), held that there must be a sustainable justification for discretionary decisions; the rationale for an individual agency division must be clearly disclosed. Pursuant to that case and its progeny, the Court henceforth requires the Southeast Regional Commissioner to submit clear and concise written reasons for decisions to withhold documents. The Court has been forced to rely on the record to ascertain agency's rationale herein.